IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


AT&T CORP.,                        )
                                   )
                                   )
     Plaintiff,                    )
                                   )
     v.                            )    1:05CV00296
                                   )
TIMCO AVIATION SERVICES, INC.,     )
and JOHN DOES (1-10),              )
representing various               )
individuals and entities whose     )
names and addresses are            )
presently unknown,                 )
                                   )
     Defendants.                   )


                  MEMORANDUM OPINION AND ORDER

OSTEEN, District Judge

I.   INTRODUCTION

     On April 6, 2005, Plaintiff AT&T Corporation ("AT&T") filed

a complaint in federal court against Defendant Timco Aviation

Services ("Timco") for breach of contract, action on an account

outstanding, promissory estoppel, and a claim in the alternative

for unjust enrichment/quantum meruit.  The case went before this

court as a bench trial on October 23-24, 2006.  The court

ultimately dismissed the case based on Plaintiff's violation of a

court order and failure to prosecute.  Now before the court is

Plaintiff's motion to vacate the court's ruling and Defendant's

motion for attorneys' fees.

**II. FACTUAL BACKGROUND**

In 2000, AT&T and Timco entered into an agreement for various telecommunication services. Under the contract(s), AT&T was to provide Timco with telecommunication services and Timco was to use these services at a minimum annual level ("MARC"), or face additional charges in order to compensate AT&T for the lack of usage.[1] According to AT&T, Timco not only missed the MARC, but also became delinquent on past due amounts under the contract. Additionally, AT&T seeks to recover past-due amounts for a flat-rate private line account that Timco contends was cancelled. AT&T filed suit to recover $154,174.38[2] for the services allegedly provided to Timco.

In October 2006, the court held a bench trial to settle the dispute. Plaintiff presented its case calling only one witness. Then Plaintiff rested despite listing Mr. John Craft as a witness it would call during the prosecution of its case according to the Rule 26(a)(3) pretrial disclosures. Defendant, relying on the

---

[1] AT&T discounts its services depending on the projected annual usage rate of a particular business. If the business does not incur the predicted amount of charges, the contract appears to allow AT&T to charge the business a certain percentage of the difference between the estimated amount and actual amount of usage.

[2] AT&T claimed a right to $243,910.89 in the amended complaint. In its motion for summary judgment, however, Timco claims that AT&T reduced its claim based upon discovery. AT&T did not dispute this figure in its response to the motion for summary judgment.

2

representations in Plaintiff's pretrial disclosures, chose not to subpoena Mr. Craft based on the belief that he would be present in the courtroom. Upon learning that Plaintiff decided not to call Mr. Craft, Defendant brought the matter to the attention of the court.

The court reviewed Plaintiff's pretrial disclosures and concluded that Mr. Craft was listed as a witness Plaintiff would call to testify. Since the court determined that Mr. Craft was a necessary witness for the Defendant, the court ordered Plaintiff to produce Mr. Craft, one of Plaintiff's employees, by 8:30 a.m. the following morning. When trial began the next day, Mr. Craft was not present in the courtroom. Plaintiff's counsel stated that Mr. Craft was at a business meeting in New Jersey, but he had not communicated with Mr. Craft personally and was only relaying secondhand information. The court gave Plaintiff's counsel 30 minutes to find an explanation for Mr. Craft's absence. When the court reconvened, Plaintiff's counsel stated that he had no luck contacting Mr. Craft and the best explanation he could offer was that Mr. Craft was in New Jersey for a business meeting. According to Plaintiff's counsel, nobody was able to reach him or determine his whereabouts.

The court faced an unprecedented dilemma as it was in a position where an appropriate solution to the problem could not be reached by the parties. The court found that Mr. Craft

3

Case 1:05-cv-00296-WLO-RAE   Document 66   Filed 04/17/07   Page 3 of 12

willfully became unavailable despite knowing he was to be in court to testify on Plaintiff's behalf.  Based on Plaintiff's violation of Rule 26(a)(3)(A) and direct violation of an order of the court, the court dismissed the action against Defendant.

**III. LEGAL STANDARD**

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek from a court an alteration or amendment of a previous judgment.  Fed. R. Civ. P. 59(e).  There are three circumstances that merit granting a Rule 59(e) motion:  "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) (citation and quotations omitted).  "Mere disagreement does not support a Rule 59(e) motion."  Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).  Courts should not grant a Rule 59(e) motion lightly, however, because "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."  Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (quotations and citation omitted).

**IV.  ANALYSIS**

Plaintiff claims that vacating the court's decision is appropriate because the court committed a manifest error of law.

4

According to Plaintiff, the court erred in dismissing the matter because Plaintiff's conduct was not the type that warranted a sanction of dismissal. Under Rule 41(b), a court may dismiss an action sua sponte for failure to prosecute or for a violation of a court's order. See Fed. R. Civ. P. 41(b); see also Link v. Wabash R.R., 370 U.S. 626, 82 S. Ct. 1386 (1962), McCargo v. Hedrick, 545 F.2d 393 (4th Cir. 1976). Since dismissal is a severe sanction that courts should not lightly invoke, a court must consider four factors in determining whether to dismiss a claim under Rule 41(b):

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978) (citation and quotations omitted).

**A. Personal Responsibility**

Plaintiff claims that there is no indication that Mr. Craft or AT&T deliberately disobeyed an order of the court, or that Mr. Craft had any knowledge that the court expected him to be present for trial. This is simply untrue. Assuming that the representations Plaintiff's counsel made to the court regarding the decision of whether Mr. Craft would testify were true, then Mr. Craft knowingly left town despite being on call to testify in

5

court and consciously made a decision not to appear in court on a day he was ordered to do so.

Plaintiff's counsel testified that he did not make the decision to rely solely on the testimony of Timothy Brown until the day of the trial either after Mr. Brown testified (Trial Tr. 144-45, Oct. 23, 2006), or after Mr. Brown was fully prepared for trial (Trial Tr. 31, Oct. 24, 2006). Since Plaintiff's counsel had no contact with Mr. Craft the week before trial, there would be no way that Mr. Craft was informed his testimony would not be required.[3] Accordingly, Mr. Craft knew or should have known of his obligation to be present at trial.

Moreover, after the court issued its order, Plaintiff's counsel represented to the court that Mr. Craft was contacted and told to be in court the following day to testify. When Mr. Craft failed to appear in court, the only response provided to the court was that he could not be present because of a business meeting. This indicates to the court that Plaintiff decided Mr. Craft would better serve its interests by attending the meeting rather than testifying at trial. Accordingly, Plaintiff, and not

---

[3] The validity of this conclusion is complicated by a statement made by Plaintiff's counsel who said that he "was advised by [his] office that Mr. Craft [had] a customer account conference in New Jersey." (Trial Tr. 147, Oct. 23, 2006). Plaintiff's counsel, therefore, potentially knew well in advance of Mr. Craft's decision not to be present for trial. Plaintiff's counsel, however, also made a statement saying that "every indication [he] had, [Mr. Craft] would be here [in court] as well." (Id. at 148.)

6

Plaintiff's counsel, was personally responsible for the absence of its employee, Mr. Craft.

**B. Prejudice to Defendant**

Plaintiff claims that Defendant was not prejudiced by Mr. Craft's absence. In this case, however, Defendant was prejudiced by Plaintiff's failure to follow the Federal Rules of Civil Procedure. The pretrial disclosure rules are designed to prevent unfair surprise at trial. See Minebea Co. v. Papst, 231 F.R.D. 3 (D.D.C. 2005); Fitz, Inc. v. Ralph Wilson Plastics Co., 184 F.R.D. 532 (D.N.J. 1999). In this matter, Plaintiff unfairly surprised Defendant by listing Mr. Craft as a witness it would call in its Rule 26 pretrial disclosure, and then failed to have Mr. Craft available to testify despite knowing that Defendant intended to call him.[4] In the alternative, assuming that Plaintiff knew ahead of time it would not call Mr. Craft as a witness, it also failed to inform Defendant of that decision. This prejudiced Defendant by preventing Defendant from recognizing the need to subpoena Mr. Craft in order to secure his attendance.

Plaintiff's actions also prejudiced Defendant by causing Defendant to expend time, energy, and resources to prepare for

---

[4] Plaintiff claimed at one point that Defendant believed Mr. Craft would not be a useful witness. This conclusion is not supported by Defendant's pretrial disclosures, however, because Defendant specifically listed Mr. Craft as a witness to be called as part of its defense.

7

the examination and cross-examination of a witness that Plaintiff failed to produce. Plaintiff contends that Mr. Craft's presence in the courtroom on Wednesday, October 25, 2006, rather than the date he was ordered to appear (Tuesday, October 24, 2006) was sufficient to prevent any prejudice to either the court or Defendant. This argument ignores the fact that Plaintiff previously expressed an objection to having the case carry on through October 25, 2006. (Trial Tr. 175, Oct. 23, 2006 (Plaintiff's counsel stated: "I have an issue with waiting until Wednesday.").) Moreover, in response to the concerns of having trial unnecessarily continued through to the following Wednesday, the court firmly stated that "I don't see there is any question that we won't finish [Tuesday, October 24, 2006]." (Id. at 181.)

**C. Dilatory Fashion**

Plaintiff contends that its actions were not dilatory in any way, and therefore, dismissal was inappropriate. A court analyzes dilatory actions in reference to a plaintiff, and not to a plaintiff's counsel. See Reizakis v. Loy, 490 F.2d 1132 (4th Cir. 1974). In situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances. Id. at 1135 (citation omitted). In Reizakis, the Fourth Circuit ultimately reversed the dismissal of a case on the grounds that the delay was the product of the attorney's actions, not those of the plaintiff.

8

In this matter, however, Plaintiff is more at fault than its attorney. Plaintiff was informed through its counsel that the court ordered Mr. Craft to be present to testify in court. From the record before the court and the representations made to the court, Plaintiff responded to the order in a dilatory fashion. Plaintiff made very little effort to locate Mr. Craft. In fact, Plaintiff's local office never responded to its counsel's request for the whereabouts of Mr. Craft. Instead, Plaintiff's counsel learned the alleged reason for Mr. Craft's absence through one of Plaintiff's witnesses.

The evidence also points to the conclusion that Plaintiff made little effort to comply with pretrial disclosure rules until it was threatened with a motion by the Defendant or an order of the court. Though there are not numerous instances of delay in the record, Plaintiff's actions when viewed as a whole are not sufficiently harmless enough to lead to the conclusion that the court abused its discretion in dismissing the case. See Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) ("[T]he four factors . . . are not a rigid four-prong test. Rather, the propriety of a dismissal of the type involved here depends on the particular circumstances of the case.").

**D. Less Severe Sanctions**

Plaintiff argues that the court should have considered less severe or alternative sanctions. Plaintiff bases this argument

9

on the idea that its violation of Rule 26 and failure to obey a court order were not overly offensive because Mr. Craft could have been available the following day, or even by phone or video conference. This characterization is severely misplaced. During trial, Plaintiff's counsel was unable to account for Mr. Craft's whereabouts. Though Plaintiff's counsel represented to the court that Mr. Craft was in New Jersey on a business meeting, counsel could not contact him directly, nor could he confirm where in New Jersey the meeting was being held. Moreover, the staff in Plaintiff's regional office had no idea where Mr. Craft's meeting was or how to get in touch with him other than by leaving a message on his cell phone.

Generally, sanctions should not be imposed if substantial justification exists for a party's wrongful action or if that action was harmless. Cf. Newman v. GHS Osteopathic, 60 F.3d 153, 155-56 (3d Cir. 1995). In this case, Plaintiff offered no substantial justification for Mr. Craft's absence. Plaintiff plainly stated in its pretrial disclosure that Mr. Craft would be called and failed to indicate to the court or Defendant otherwise. In fact, Plaintiff has still offered no plausible explanation for Mr. Craft's absence that would refute the conclusion that Mr. Craft chose to attend a business meeting rather than obey an order of the court. Therefore, a sanction other than a dismissal in this case "would have placed the

10

credibility of the court in doubt and invited abuse." Ballard, 882 F.2d at 96. Accordingly, Plaintiff's motion will be denied.

**V.   ATTORNEYS' FEES**

The court finds that an award of costs and attorneys' fees in this matter is unnecessary. The purpose of sanctions, such as awarding costs and attorneys' fees, is to provide a tool to a district court "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." Davis v. Williams, 588 F.2d 69, 71 (4th Cir. 1978) (citing National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976)). In this case, the court issued the most severe sanction available under the Federal Rules of Civil Procedure and dismissed the action against Defendant. This type of sanction will deter future misconduct of the type Plaintiff demonstrated. The court, therefore, found it unnecessary during the trial to award costs to Defendant in addition to dismissing the action. Similarly, the court finds it unnecessary to award attorneys' fees. Accordingly, Defendant's motion will be denied.

**VI. CONCLUSION**

For the reasons stated above, the court hereby DENIES Plaintiff's Motion to Vacate Court's Order [56]. Additionally,

11

the court hereby DENIES Defendant's Motion for Attorneys' Fees and Costs [60].

This the 17th day of April 2007.

			/s/ William L. Osteen
			United States District Judge